IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DOMINIC BOYLAND,

    Defendant.

ORDER

14-cr-91-wmc-1

A hearing on the probation office's petition for judicial review of Dominic Boyland's supervised release was held on April 6, 2018, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Robert Anderson appeared for the government. The defendant was present in person and by counsel Reed Cornia. Also present was U.S. Probation Officer Brad T. Schalow.

## FACTS

From the record, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on February 5, 2015, following his conviction for distribution of a mixture or substance containing cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2, a Class C felony. The defendant's 54-month prison sentence was to be followed by a three-year term of supervised release. On December 14, 2016, the Seventh Circuit Court of Appeals granted a joint motion by the U.S. Attorney's Office and defense counsel for remand for resentencing in light of *United States v. Edwards*, 836 F.3d 831, 836-38 (7th Cir. 2016). On April 20, 2017, the defendant's

term of imprisonment was reduced from 54 months to 42 months, while his term of supervised release remained the same.  As a result, the defendant began supervised release on October 6, 2017.

The defendant violated the mandatory condition that he not commit another federal, state, or local crime on three separate occasions since his release:  on January 5, 2018, when he operated a vehicle with a revoked driver's license in La Crosse, Wisconsin; on January 16, 20, 28, and 30, 2018, when he dispensed gasoline into his vehicle in La Crosse, Wisconsin, without paying; and on March 4, 2018, when he possessed drug paraphernalia, a marijuana grinder, in Fox Crossing, Wisconsin.

The defendant also violated Standard Condition No. 1 when he was found to be in the Eastern District of Wisconsin without receiving permission from his probation officer. More specifically, the defendant was questioned by law enforcement and issued a citation for possession of drug paraphernalia while in Fox Crossing, Wisconsin.

The defendant further violated Standard Condition No. 5 that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, having tested positive for marijuana on October 20 and December 8, 2017, and on February 7 and March 5, 2018, as well as having tested positive for cocaine on February 7, 2018.  These results were confirmed either by the defendant's written admission or through laboratory testing.

The defendant next violated Special Condition No. 17 that he spend 120 days in a residential reentry center (RRC) with admission upon the first available vacancy.  In particular, this defendant was referred for placement to the Fahrman Center RRC in Eau

Claire, Wisconsin, and he was scheduled to report there on March 8, 2018. He failed to do so. Given a *second* report date of March 9, 2018, he again failed to report.

Finally, the defendant violated the financial condition requiring him to pay a $100 criminal assessment penalty immediately following sentencing. Despite agreeing to pay this penalty at or before sentencing in his plea agreement, the defendant only paid $25, which occurred back in September of 2015.

As for his testing positive for use of marijuana and cocaine in violation of Standard Condition No. 5, the defendant has now tested positive for illegal drug use more than three times during the past year. This triggers mandatory revocation under the provisions of 18 U.S.C. § 3583(g)(4), even though the violation itself would be classified as a Grade C violation under §7B1.1(a)(3). With a Grade C violation, the advisory guideline range of imprisonment is 6 to 12 months. If I find that the defendant possessed the illegal drugs in conjunction with his use, which seems obvious since they were found in his system, then mandatory revocation would again apply, this time under 18 U.S.C. § 3583(g)(1), and the violation would be classified as a Grade B violation under §7B1.1(a)(2), increasing the advisory guideline range of imprisonment to 12 to 18 months.

CONCLUSIONS

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have chosen to defer a ruling. The defendant has a history of poor adjustment to supervision that includes the repeated use of marijuana, possessing drug paraphernalia, not reporting for treatment, testing positive for cocaine and driving without a valid license;

3

however, I will give him an opportunity to demonstrate that his willingness to now attend the Fahrman Center RRC is a first step in a commitment to change, rather than merely the last to avoid prison. I will defer a ruling on the probation office's petition for review of the defendant's supervised release and will schedule another hearing on July 3, 2018, at 1:00 p.m., to allow the defendant an opportunity to attend and successfully complete programming at the Fahrman Center RRC. At that hearing, I will consider whether the defendant has complied with the conditions of his supervised release and should be given the opportunity to complete his entire term of release. If at any time before July 3, the probation office believes that the defendant is not substantially complying with the conditions of his supervised release or he is discharged from the Fahrman Center RRC without successful completion, the probation office shall notify the court and the parties, and an expedited hearing will be set to determine whether the term of his supervised release should be revoked.

ORDER

IT IS ORDERED that a ruling on the probation office's motion for judicial review of the defendant's supervised release is CONTINUED until July 3, 2018, at 1:00 p.m., and the defendant is to remain in custody until he can be physically placed at the Fahrman Center RRC.

Entered this 6th day of April 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
U.S. District Judge